1  Michele R. Stafford, Esq. (SBN 172509)
   Matthew P. Minser, Esq. (SBN 296344)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery Street, Suite 2110
3  San Francisco, California  94104
   Telephone: (415) 882-7900
4  Facsimile: (415) 882-9287
   Email: mstafford@sjlawcorp.com
5  Email: mminser@sjlawcorp.com

6  Attorneys for Plaintiffs, Northern California Glaziers,
   Architectural Metal and Glass Workers Pension Trust Fund, et al.
7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11 | NORTHERN CALIFORNIA GLAZIERS,              | Case No. C14-02087 EMC
   | ARCHITECTURAL METAL AND GLASS              |
12 | WORKERS PENSION TRUST FUND, et al.,        | **AMENDED JUDGMENT PURSUANT TO STIPULATION;**
13 |                    Plaintiffs,             |
14 |         v.                                 | **[PR~~OPOS~~ED] ORDER THEREON**
15 | CALVIN DONYELLE CRAIG, individually and    |
   | *dba* NU-GLASS SYSTEM,                     |
16 |                                            |
17 |                    Defendant.              |

18      THIS SERVES TO AMEND the Judgment Pursuant to Stipulation ("Stipulation") (Dkt. #13)

19 entered on May 19, 2014, in favor of Plaintiffs Northern California Glaziers, Architectural Metal and

20 Glass Workers Pension Trust Fund, et al. (collectively "Plaintiffs" or "Trust Funds") and against

21 Defendant Calvin Donyelle Craig, individually and *dba* Nu-Glass System ("Defendant).

22      Defendant has requested that the Stipulation be amended to include additional amounts owed to

23 Plaintiffs by Defendant and to extend the time period of the payment plan to allow for additional

24 monthly payments toward the debt owed. This document shall, upon execution by all parties, supersede

25 the previous Stipulation, and become the operative document between the parties.

26      IT IS HEREBY STIPULATED and AGREED (the "Amended Stipulation" or "Amended

27 Judgment") by and between the parties hereto, that a Amended Judgment shall be entered in the within

28

action in favor of Plaintiffs, and against Defendant, as follows:

1.  Defendant is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining Agreement is still in full force and effect.

2.  Defendant specifically consents to the Court's jurisdiction, and in accordance with the provisions of 28 U.S.C. § 636(c), <u>Defendant voluntarily consents to have a United States magistrate judge conduct all further proceedings in this case</u>, including entry of judgment herein.

3.  Defendant further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall be bound by the terms of this Amended Stipulation as Guarantors. <u>This shall include Nu-Glass System, Inc., a California corporation</u>, and any additional entities in which Defendant is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

2

**AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON**
**Case No.  C14-02087 EMC**                        P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

4. Defendant is currently indebted to Plaintiffs as follows:

| | | |
|---|---:|---:|
| **ORIGINAL STIPULATION BALANCE** *Amount reflects all payments received to date and a partial waiver of liquidated damages.* 20% Liquidated Damages on Late-Paid 6/14-7/14; 9/14-10/14; 6/15-10/15; 1/16; 4/16; 5/16; 7/16-11/16 Contributions: | | **$37,338.95** |
| **AUDIT (5/1/11-3/31/14)** | | |
| Contribution Underpayments: | $35,007.42 | |
| 20% Liquidated Damages: | $7,001.48 | |
| 5% p/a Interest on Underpayments (through 3/6/17): | $7,478.84 | |
| Testing Fees: | $7,007.50 | |
| | | **$56,495.24** |
| **CURRENT CONTRIBUTIONS** | | |
| 1/18 Contributions: | $28,583.97 | |
| 12/17 Contributions: | $37,150.87 | |
| 20% Liquidated Damages on Late-Paid 12/16-11/17 Contributions and Unpaid 12/17-1/18 Contributions: | $59,421.88 | |
| 5% p/a Interest on Late-Paid 12/16-11/17 Contributions and Unpaid 12/17-1/18 Contributions (through 3/6/18): | $1,881.53 | |
| Subtotal: | | **$127,038.25** |
| **ATTORNEYS' FEES AND COSTS** | | |
| Attorneys' Fees (1/18/17-3/5/18): | $14,762.00 | |
| Costs (1/18/17-3/5/18): | $37.11 | |
| Subtotal: | | **$14,799.11** |
| *AMENDED STIPULATION TOTAL:* | | *$235,671.55* |

Plaintiffs acknowledge receipt of a joint check issued by Overaa (numbered 200449 and dated February 28, 2018) in the amount of $25,717.71 on March 6, 2018. Upon deposit and bank clearance, said check will be credited to the Amended Stipulation Total of $235,671.55 set forth above.

**REQUIREMENTS UNDER THE TERMS OF THIS AMENDED STIPULATION**

5. Notice requirements pursuant to the terms of this Amended Stipulation are as follows:

    a) **Notices to Defendant**: Calvin D. Craig, Nu-Glass System, 1107 Enterprise Street, Stockton, CA 95204; email: nuglasssystem@gmail.com

    b) **Notices to Plaintiffs**: Michele R. Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

6. The requirements pursuant to the terms of this Amended Stipulation are as follows:

    a) **Initial Payment; Monthly Payments**: Defendant shall make an initial payment followed by equal monthly payments toward the conditional amount of **$169,248.19**, representing all of

the above amounts less conditionally waived liquidated damages in the amount of $66,423.36.[i]

        i)        The intitial paymen in the in the amount of $28,583.97 (equal to the amount reported as owed for January 2018 contributions) shall be due on March 15, 2018. The payment in the amount of $25,717.71, referenced in ¶ 4 above may be applied to the initial Stipulated payment, leaving a balance of $2,866.26 remaining due on or before 3/15/18.

        ii)        Equal monthly payments in the amount of $12,070.00 shall begin on March 31, 2018 and shall be due on the last business day of each month for a period of **twelve (12) months**.

        iii)        Plaintiffs may require that Defendant pay electronically, by wire transfer, or by cashier's check.

        iv)        Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

        v)        Payments shall be applied first to interest, at the rate of 5% per annum in accordance with the Bargaining Agreement and Trust Agreements, then to principal. Interest shall begin to accrue on March 7, 2018.

    b)    **Contributions:** Beginning with contributions due for hours worked by Defendant's employees during the month of February 2018, and for every month thereafter until this Amended Judgment is satisfied, Defendant shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

    c)    **Job Report:** Beginning with the month of January 2018, and for every month thereafter, Defendant shall fully disclose all jobs on which Defendant is working by providing Plaintiffs with fully completed job reports on the form attached hereto as *Exhibit A*. Upon request by Plaintiffs, Defendant shall also provide Plaintiffs with copies of Certified Payroll Reports.

---

[i] This amount represents liquidated damages in the amount of $7,001.48 (assessed on contribution underpayments found due in the audit of Defendant's payroll records for the time period from 5/1/11-3/31/14) plus the liquidated damages in the amount of $59,421.88 (assessed on contributions that became delinquent during the Stipulation (12/16-1/18), all totaling **$66,423.36**.

Liquidated damages included in the original Stipulation balance in the total amount of **$37,338.95** (assessed on delinquent contributions for 6/14-7/14; 9/14-10/14; 6/15-10/15; 1/16; 4/16; 5/16; 7/16-11/16) *shall not be waived.*

4

**AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON**
**Case No.  C14-02087 EMC**    P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

d) **Audit:** Pursuant to the requirements of the Bargaining Agreement and Trust Agreements, Defendant is required to submit to a further audit of its payroll records upon request by Plaintiffs.

i) In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report, and written demand for payment to Defendant. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

ii) In the event that Defendant disputes the audit findings, Defendant must provide the dispute in writing, with all supporting documentation within ten (10) days of the date of the demand. Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

iii) If Defendant is unable to make payment in full, Defendant may submit a request to add the amounts found due on the audit to this Amended Stipulation. If the Amended Stipulation is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

iv) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Amended Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall then immediately become part of this Amended Judgment.

e) **Fees:** Defendant shall pay all additional attorneys' fees and costs incurred during the term of the Amended Stipulation through Satisfaction of Judgment, whether or not a default occurs.

//
//
//
//
//

5

**AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON**
Case No.  C14-02087 EMC         P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

7. In summary, Defendant shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Amended Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[ii] | Delivery locations |
|---|---|---|
| **Initial payment in the amount of $28,583.97[iii] (equal to the amount reported as owed for January 2018 contributions)** payable to *District Council 16 Northern California Trust Funds* | 3/15/2018 | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |
| **Stipulated payments in the amount of $12,070.00** payable to *District Council 16 Northern California Trust Funds* | Last business day of each month (3/31/18-2/28/19) | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104 |
| **Current contribution reports and payments** (2/18-1/19) payable to *District Council 16 Northern California Trust Funds* | Last business day of each month (beginning 3/31/18, for 2/18 hours) | District Council 16 Northern California Trust Funds<br>P.O Box 4816<br>Hayward, CA 94540-4816<br><br>Plus copies to:<br>Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104<br>or<br>compliance@sjlawcorp.com<br>(subject: "Nu-Glass System") |
| **Completed job reports** (form attached as Exhibit A to Amended Stipulation) (1/18-1/19)<br><br>**and Certified Payroll Reports (if requested)** | 3/15/18 (for 1/18-2/18 hours); and<br><br>Last business day of each month (beginning 3/31/18, for 3/18 hours) | Michele R. Stafford<br>Saltzman & Johnson Law Corp.<br>44 Montgomery Street, #2110<br>San Francisco, CA 94104<br>or<br>compliance@sjlawcorp.com<br>(subject: "Nu-Glass System") |

8. Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Amended Stipulation.

---

[ii] If the Amended Stipulation has not been fully satisfied by 2/28/19, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

[iii] The payment in the amount of $25,717.71, referenced in ¶ 4 above may be applied to the initial Stipulated payment, leaving a balance of **$2,866.26** remaining due on or before 3/15/18.

**DEFAULTS UNDER THE TERMS OF THIS AMENDED STIPULATION**

9. If default occurs, Plaintiffs shall make a written demand to Defendant, to cure said default *within seven days of the date of the notice from Plaintiffs*. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional ("current") contributions/liquidated damages/interest, and additional attorneys' fees and costs incurred herein.

10. Any unpaid or late-paid contributions, together with 20% liquidated damages and 5% per annum interest, shall become part of this Amended Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendant fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

11. A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

**MISCELLANEOUS PROVISIONS**

12. The above requirements remains in full force and effect regardless of whether or not Defendant has ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has no work to report during a given month, Defendant shall submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If Defendant has no contributions to report, Defendant shall submit the applicable contribution report stating "no employees."

13. Payments made by joint check shall be endorsed on behalf of Defendant prior to submission, and may be applied toward Defendant's monthly stipulated payment, provided that the issuer of the joint check is not requesting a release in exchange for the payment. Joint checks for which a

7

**AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON**
Case No.  C14-02087 EMC          P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

release is requested may not be applied toward Defendant's monthly stipulated payment, but shall be deducted from the total balance owed under this Amended Stipulation, provided the payment is for contributions included in this Amended Stipulation.

14. Prior to the last payment owed under this Amended Stipulation, Plaintiffs shall advise Defendant as to the final amount due, including additional interest, any current contributions, liquidated damages, and additional attorneys' fees and costs incurred, whether or not Defendant defaults herein. Any additional amounts due shall be paid in full with the final stipulated payment due on February 28, 2019.

15. The conditional waiver of liquidated damages shall be presented to the Board of Trustees for consideration only after all amounts due under the terms of this Amended Stipulation are paid in full, and Defendant's account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

16. Defendant waives any notice of Entry of Judgment or of any Request for a Writ of Execution, and expressly waives all rights to stay of execution and appeal.

17. Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Amended Stipulation shall not be deemed a waiver of any subsequent breach.

18. In the event that Defendant files for bankruptcy protection, Defendant specifically agrees that the amounts due hereunder, which are employee benefits and related sums, shall not be dischargeable. Defendant agrees to reaffirm this debt, and will not request that the debt be discharged.

19. Should any provisions of this Amended Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Amended Stipulation.

20. This Amended Stipulation is limited to the agreement between the parties with respect to

the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to Plaintiffs. This Amended Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

21. This Amended Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Amended Stipulation shall be effective only if made in writing and signed by all parties hereto.

22. This Amended Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

23. Defendant represents and warrants that he has had the opportunity to be or have been represented by counsel of his own choosing in connection with entering this Amended Stipulation under the terms and conditions set forth herein, that he has read this Stipulation with care and is fully aware of and represents that he enters into this Stipulation voluntarily and without duress.

//
//
//
//
//
//
//
//
//
//
//
//

9

**AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON**
Case No.  C14-02087 EMC           P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

24.     The parties agree that the Court shall retain jurisdiction of this matter until this Amended Judgment is satisfied.

Dated: March 20, 2018                         **CALVIN DONYELLE CRAIG**

                                     By:          /S/
                                          Calvin Donyelle Craig, an individual

Dated: March 20, 2018                         **NU-GLASS SYSTEM**

                                     By:          /S/
                                          Calvin Donyelle Craig, Sole Proprietor

Dated: March 20, 2018                         **NU-GLASS SYSTEM, INC., a California corporation, as Guarantor**

                                     By:          /S/
                                          Calvin Donyelle Craig
                                          RMO/CEO/President

Dated: March 21, 2018                         **NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.,**

                                     By:          /S/
                                          Jose Santana:
                                          Trustee of Plaintiff Trust Funds

Dated: March 26, 2018                         **NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.**

                                     By:          /S/
                                          John G. Maggiore
                                          Trustee of Plaintiff Trust Funds

                                              **SALTZMAN & JOHNSON LAW CORPORATION**
Dated: March  26, 2018
                                     By:          /S/
                                          Matthew P. Minser
                                          Attorneys for Plaintiffs, District Council 16
                                          Nor. Cal. Health and Welfare Trust Fund, et al.

IS SO ORDERED. IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.

Dated: March ____, 2018

                                          _____
                                          UNITED STATES DISTRICT JUDGE

10

**AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON**
**Case No.  C14-02087 EMC**                P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

| **Exhibit A: JOB REPORT FORM** |
| :---: |
| **Completed Forms Due by the Last Business Day of each month** |
| by email to compliance@sjlawcorp.com (subject line: *Nu-Glass System*), <u>or</u> delivered to Saltzman & Johnson, 44 Montgomery St., Ste. 2110, San Francisco, CA 94104 |

**Employer: Nu-Glass System**

Report for the month of _____, 20__ Submitted by: _____

| **Project Name:** | | **Public or Private?** (Circle one) | |
| --- | --- | --- | --- |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| **Project Name:** | | **Public or Private?** (Circle one) | |
| --- | --- | --- | --- |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Phone #:** | | **Project Manager Name:** | |
| **Project Manager Phone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

***Attach additional sheets as necessary***

1

**EXHIBIT A TO AMENDED JUDGMENT PURSUANT TO STIPULATION**
Case No.  C14-02087 EMC                              P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

24.     The parties agree that the Court shall retain jurisdiction of this matter until this Amended Judgment is satisfied.

Dated: March 20, 2018                  **CALVIN DONYELLE CRAIG**

By: _____
Calvin Donyelle Craig, an individual

Dated: March 20, 2018                  **NU-GLASS SYSTEM**

By: _____
Calvin Donyelle Craig, Sole Proprietor

Dated: March 20, 2018                  **NU-GLASS SYSTEM, INC., a California corporation, as Guarantor**

By: _____
Calvin Donyelle Craig
RMO/CEO/President

Dated: March ___, 2018                 **BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, ET AL.**

By: _____
Jose Santana
Trustee of Plaintiff Trust Funds

Dated: March ___, 2018                 **NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.**

By: _____
John G. Maggiore
Trustee of Plaintiff Trust Funds

**SALTZMAN & JOHNSON LAW CORPORATION**

Dated: March ___, 2018
By: _____
Matthew P. Minser
Attorneys for Plaintiffs, District Council 16
Nor. Cal. Health and Welfare Trust Fund, et al.

IS SO ORDERED. IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.

Dated: March ___, 2018

_____
UNITED STATES DISTRICT JUDGE

10

AMENDED JUDGMENT PURSUANT TO STIPULATION; PROPOSED ORDER THEREON
Case No. C14-02087 EMC                    P:\CLIENTS\GLACL\Nu-Glass\Pleadings\Amended Judgment Pursuant to Stipulation 030618.docx

24. The parties agree that the Court shall retain jurisdiction of this matter until this Amended Judgment is satisfied.

Dated: March ____, 2018

**CALVIN DONYELLE CRAIG**

By: _____
Calvin Donyelle Craig, an individual

Dated: March ____, 2018

**NU-GLASS SYSTEM**

By: _____
Calvin Donyelle Craig, Sole Proprietor

Dated: March ____, 2018

**NU-GLASS SYSTEM, INC., a California corporation, as Guarantor**

By: _____
Calvin Donyelle Craig
RMO/CEO/President

Dated: March ____, 2018

**NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.,**

By: _____
Print Name:
Trustee of Plaintiff Trust Funds

Dated: March 26, 2018

**NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.**

By: *[signature: John G. Maggiore]*
John G. Maggiore
Trustee of Plaintiff Trust Funds

**SALTZMAN & JOHNSON LAW CORPORATION**

Dated: March ____, 2018

By: _____
Matthew P. Minser
Attorneys for Plaintiffs, District Council 16
Nor. Cal. Health and Welfare Trust Fund, et al.

IS SO ORDERED. IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.

Dated: March ____, 2018

_____
UNITED STATES DISTRICT JUDGE

10

1  24. The parties agree that the Court shall retain jurisdiction of this matter until this Amended
2  Judgment is satisfied.

3  Dated: March ___, 2018          **CALVIN DONYELLE CRAIG**

4                                  By: _____
5                                  Calvin Donyelle Craig, an individual

6  Dated: March ___, 2018          **NU-GLASS SYSTEM**

7                                  By: _____
8                                  Calvin Donyelle Craig, Sole Proprietor

9  Dated: March ___, 2018          **NU-GLASS SYSTEM, INC., a California corporation, as Guarantor**

11                                 By: _____
                                   Calvin Donyelle Craig
                                   RMO/CEO/President

13 Dated: March 21, 2018           **NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.,**

15                                 By: /s/ Jose Santana
                                   Print Name: Jose Santana
                                   Trustee of Plaintiff Trust Funds

17 Dated: March ___, 2018          **NORTHERN CALIFORNIA GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS PENSION TRUST FUND, ET AL.**

19                                 By: _____
                                   John G. Maggiore
                                   Trustee of Plaintiff Trust Funds

                                   **SALTZMAN & JOHNSON LAW CORPORATION**

22 Dated: March ___, 2018
23                                 By: _____
                                   Matthew P. Minser
                                   Attorneys for Plaintiffs District Council 16
                                   Nor. Cal. Health and Welfare Trust Fund, et al.

26 IS SO ORDERED. IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter.
27 Dated: March 27, 2018

28                                 _____
                                   UNITED STATES DISTRICT JUDGE

**IT IS SO ORDERED**
Judge Edward M. Chen

10